DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TARGET CORPORATION,**
a foreign for profit corporation,
Appellant,

v.

**LAZARO KAUFER,** and
**KATIA KAUFER,** his wife,
Appellees.

No. 4D16-3413

[April 25, 2018]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Thomas Luzzo, Judge; L.T. Case No. CACE10-029778 (09).

Jon D. Derrevere and Shirley Jean McEachern of Derrevere Stevens Black & Cozad, West Palm Beach, for appellant.

Jay M. Levy and Ryan I. Marks of Jay M. Levy, P.A., Miami, and Samuel M. Spatzer of Samuel M. Spatzer, P.A., Miami, for appellees.

KUNTZ, J.

Target Corporation appeals a final judgment entered in favor of Lazaro Kaufer and Katia Kaufer for injuries sustained from a slip-and-fall accident at one of its stores, raising multiple issues on appeal. Our resolution of the first issue—that the circuit court erred in denying Target's motion for directed verdict—renders the others moot.

While shopping at a Target store, Mr. Kaufer slipped on some liquid laundry detergent on the floor. The resulting fall injured him, causing him to incur medical expenses. The testimony at trial indicates an unknown person walking in front of Mr. Kaufer was carrying a gallon bottle of "leaking" laundry detergent. Mr. Kaufer slipped on the leaking detergent.

The Kaufers sued Target for negligence. The jury found Target partially liable for Mr. Kaufer's fall, awarding him $250,000 in damages and Mrs.

Kaufer $30,000 for loss of consortium. After the trial court denied Target's post-trial motions, Target appealed the final judgment.

On appeal, Target focuses on the trial court's denial of its motion for directed verdict. We review the court's ruling de novo. *Liggett Grp., Inc. v. Davis*, 973 So. 2d 467, 470 (Fla. 4th DCA 2007).

Target argued different theories in support of its motion for directed verdict and we address one: that Mr. Kaufer failed to sufficiently plead a prima facie case for negligence under the theory of negligent mode of operation. In response, Mr. Kaufer argued that the negligent mode of operation was Target's "corporate policy of having a clear very high gloss, wet-look finish on its floors in its stores which caused the bright overhead lights to reflect off the tile which created a dangerous condition by causing spills of clear and translucent liquids to be undetectable."

His claim is governed by section 768.0710, Florida Statutes (2009), which provides, in relevant part:

> (2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
>
> (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
>
> (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
>
> (c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.[1]

---

[1] Section 768.0710, Florida Statutes, was repealed by the Florida Legislature, effective July 1, 2010. *See* Ch. 2010-8, Laws of Fla. At the same time, the Legislature enacted section 768.0755, Florida Statutes. *Id.* Some courts have concluded that section 768.0755 eliminated the statutory mode of operation claim. *See, e.g., Sanchez v. ERMC of Am., LLC*, No. 2:16-CV-851-FTM-99CM,

2

Applying the statute as it existed in 2009, the question here is whether Target's uniform design of brightly-lit stores, with high-gloss floors (cleaned and buffed nightly), created a negligent condition that caused Mr. Kaufer to slip and fall.

Our supreme court addressed a negligent mode of operation claim in *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256 (Fla. 2002). In *Markowitz,* the daughter of a nursing home resident slipped on a grape in the main area of the nursing home and sustained serious injuries. *Id.* at 258. Reversing summary judgment in favor of the nursing home, our supreme court reasoned "there was an issue of fact as to whether Helen Homes' mode of operation created a foreseeable risk of food spillage." *Id.* at 261.

The court explained that, under the plaintiff's theory of negligent mode of operation, "the grape was on the floor because of the mode of operation in which the nursing home permitted its residents to handle their food. Thus . . . the focus is on whether the practice of allowing residents to carry their food to their rooms constituted a negligent mode of operation." *Id.* In other words, the condition that led to the injury was allowing the residents to travel with their food trays to their rooms.

Similarly, in *Etheredge v. Walt Disney World Co.*, 999 So. 2d 669 (Fla. 5th DCA 2008), after stepping off the curb while crossing the street in Downtown Disney, a fifteen-year-old's ankle got caught in a storm drain, resulting in injuries and requiring four surgeries. *Id.* at 672. The Fifth District explained that the negligent mode of operation theory required a determination as to "whether the manner in which Disney chose to have guests cross the street . . . resulted in an unsafe condition." *Id.* (citing *Markowitz,* 826 So. 2d at 261). If the evidence established that Disney could reasonably anticipate a dangerous condition would arise as a result of the manner it chose to have guests cross the street, "then the dispositive issue is whether that particular method of operation was in fact negligent and whether the accident that occurred was as a result of that negligence." *Id.* (citing *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315 (Fla. 2001)).

---

2017 WL 417129, at *4 (M.D. Fla. Jan. 31, 2017). But, we need not address that issue as this Court has previously held that section 768.0755 is only applicable to claims arising on or after July 1, 2010. *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 423–26 (Fla. 4th DCA 2014). Mr. Kaufer's injury happened on May 17, 2010, and *McGruder* compels us to apply the statutory language existing on that date.

The ultimate question in *Markowitz* and *Etheredge* was whether the plaintiffs' accidents were the result of the purported negligence in the defendant's chosen mode of operations. In *Markowitz*, the question was "whether the presence of the grape was a result of the specific mode of operation chosen by the nursing home." 826 So. 2d at 261. In *Etheredge*, the question was "whether the practice of encouraging guests to cross the street over a storm drain constituted a negligent mode of operation" that led to the plaintiff's injury. 999 So. 2d at 672–73.

Here, the question is whether the presence of the recently spilled laundry detergent was a result of the mode of operation chosen by Target. Unlike in *Markowitz*, 826 So. 2d at 261, where the nursing home's practice of allowing patients to carry food from the dining facility to their room "created a foreseeable risk that the elderly residents would spill their food and thus create dangerous conditions on the premises," Target's alleged negligent mode of operation did not lead to the unidentified patron spilling detergent.

Target's alleged negligent mode of operation consisted of waxing its floors nightly and maintaining a "brightly-lit" store. The presence of the laundry detergent on the floor was not a result of the specific mode of operation chosen by Target. Thus, Mr. Kaufer failed to satisfy the elements of a claim for negligent mode of operation and the court erred in denying Target's motion for directed verdict.

*Reversed and remanded.*

GERBER, C.J., and GROSS, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4